**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

**DATATERN, INC.**

Plaintiff,

v.

1. **STAPLES, INC.;**
2. **J.C. PENNEY COMPANY, INC.;**
3. **J.C. PENNEY CORPORATION, INC.;**
4. **SEARS HOLDINGS CORPORATION;**
5. **SEARS, ROEBUCK AND CO.;**
6. **THE BANK OF NEW YORK MELLON
    CORPORATION;**
7. **EAGLE INVESTMENT SYSTEMS LLC**
8. **PERSHING LLC**
9. **CAPITAL ONE FINANCIAL
    CORPORATION;**
10. **CAPITAL ONE BANK (USA), NATIONAL
     ASSOCIATION;**
11. **CAPITAL ONE, NATIONAL
     ASSOCIATION;**
12. **CAPITAL ONE SERVICES, INC.;**
13. **REGIONS FINANICAL CORPORATION;**
14. **THE GOLDMAN SACHS GROUP, INC.;**
15. **GOLDMAN SACHS INTERNATIONAL;**
16. **GOLDMAN, SACHS & CO.;**
17. **FIDELITY BROKERAGE SERVICES LLC;**
18. **FMR LLC;**
19. **FMR CORP.;**
20. **NATIONAL FINANCIAL SERVICES LLC;**
21. **THE PNC FINANCIAL SERVICES GROUP,
     INC.**
22. **PNC BANCORP, INC.**
23. **PNC BANK, NATIONAL ASSOCIATION**
24. **PNC HOLDING, LLC**

Defendants.

**Civil Action No.**

**JURY TRIAL DEMANDED**

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which DataTern, Inc. makes the following allegations against Staples, Inc.; J.C. Penney Company, Inc.; J.C. Penney Corporation, Inc.; Sears Holdings Corporation; Sears, Roebuck and Co.; The Bank of New York Mellon Corporation; Eagle Investment Systems LLC; Capital One Financial Corporation; Capital One Bank (USA), National Association; Capital One, National Association; Capital One Services, Inc.; Regions Financial Corporation; The Goldman Sachs Group, Inc.; Goldman Sachs International; Goldman, Sachs, & Co.; Fidelity Brokerage Services LLC; FMR LLC; FMR CORP.; National Financial Services LLC; The PNC Financial Services Group, Inc.; PNC Bancorp, Inc.; PNC Bank, National Association; and PNC Holding, LLC (collectively the "Defendants").

## PARTIES

1.     Plaintiff DataTern, Inc. ("Plaintiff") is a Texas corporation pursuant to Chapter 10 of the Texas Business Organizations Code and is doing business in this District.

2.     On information and belief, Defendant Staples, Inc. ("Staples") is a Delaware corporation with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.  Staples has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

3.     On information and belief, Defendant J.C. Penney Company, Inc. ("J.C. Penney") is a Delaware corporation with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024. J.C. Penney has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

4.     On information and belief, Defendant J.C. Penney Corporation, Inc. ("J.C. Penney Corporation") is a Delaware corporation with its principal place of business at 6501 Legacy

Drive, Plano, Texas 75024. J.C. Penney Corporation has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

5.     On information and belief, Defendant Sears Holdings Corporation ("Sears") is a Delaware corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Sears has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

6.     On information and belief, Defendant Sears, Roebuck, and Co. ("Sears Roebuck") is a New York corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Sears Roebuck has appointed CT Corporation System, 111 Eighth Ave., New York, New York 10011 as its agent for service of process.

7.     On information and belief, Defendant Bank of New York Mellon Corporation ("BNY") is a Delaware corporation with its principal place of business at One Wall Street, New York, New York 10286.  BNY has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

8.     On information and belief, Defendant Eagle Investment Systems LLC ("Eagle") is a Delaware corporation with its principal place of business at 65 LaSalle Road, Suite 305, West Hartford, Connecticut 06107.  Eagle has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

9.     On information and belief, Defendant Pershing LLC ("Pershing") is a Delaware corporation with its principal place of business at 1 Pershing Plaza, Jersey City, New Jersey

07399.  Pershing has appointed BNY Mellon Trust of Delaware, 100 White Clay Center, Suite 102, Newark, Delaware 19711 as its agent for service of process.

10.    On information and belief, Defendant Capital One Financial Corporation ("Capital One") is a Delaware corporation with its principal place of business at 1680 Capital One Drive, Suite 1400, McLean, Virginia 22102.   Capital One has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

11.    On information and belief, Defendant Capital One Bank (USA), National Association ("Capital One USA") is a Virginia corporation with its principal place of business at 4851 Cox Road, Glen Allen, Virginia 23060.   Capital One USA may be served at 4851 Cox Road, Glen Allen, Virginia 23060 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

12.    On information and belief, Defendant Capital One, National Association ("Capital One NA") is a Virginia corporation with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.  Capital One NA has appointed Corporation Service Company, 11 S. 12th St., P.O. Box 1463, Richmond, Virginia 23218-0000 as its agent for service of process.

13.    On information and belief, Defendant Capital One Services, Inc ("Capital One Services") is a subsidiary of Capital One with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102. Capital One may be served at Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

14.    On information and belief, Defendant Regions Financial Corporation ("Regions") is a Delaware corporation with its principal place of business at 1900 Fifth Avenue North,

Birmingham, Alabama 35203.  Regions has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

15.    On information and belief, Defendant Goldman Sachs Group, Inc. ("Goldman Sachs") is an Illinois corporation with its principal place of business at 85 Broad Street, New York, New York 10004.  Goldman Sachs has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

16.    On information and belief, Defendant Goldman Sachs International ("Goldman International") is a London corporation with its principal place of business at Peterborough Court, 133 Fleet Street, London EC4A 2BB.  Goldman International may be served at Peterborough Court, 133 Fleet Street, London EC4A 2BB via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

17.    On information and belief, Defendant Goldman, Sachs & Co. ("GS & Co.") is a New York corporation with its principal place of business at 85 Broad Street, New York, NY 10004. GS & Co. may be served at 85 Broad Street, New York, NY 10004.

18.    On information and belief, Defendant Fidelity Brokerage Services LLC ("Fidelity Brokerage") is a Delaware corporation with its principal place of business at 900 Salem Street, Smithfield, Rhode Island.  Fidelity Brokerage has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

19.    On information and belief, Defendant FMR LLC ("FMR") is Delaware corporation with its principal place of business at 82 Devonshire St., Boston, Massachusetts

02109.  Fidelity Brokerage has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

20.     On information and belief, Defendant FMR Corp. ("FMR Corp.") is a Delaware corporation with its principal place of business at 82 Devonshire Street, Boston, MA 02109. FMR Corp. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its registered agent.

21.     On information and belief, Defendant National Financial Services LLC ("National Financial") is a Delaware corporation with its principal place of business at 200 Liberty Street, NY4F, New York, New York 10281.  National Financial has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

22.     On information and belief, Defendant The PNC Financial Services Group, Inc. ("PNC") is a Pennsylvania corporation with its principal place of business at One PNC Plaza 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.   PNC has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

23.     On information and belief, Defendant PNC Bancorp, Inc. ("PNC Bancorp"), is a Pennsylvania corporation with its principal place of business at One PNC Plaza 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.  PNC Bancorp has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

24.     On information and belief, Defendant PNC Bank, National Association ("PNC NA") is a Pennsylvania corporation with its principal place of business at One PNC Plaza 249

Fifth Avenue, Pittsburgh, Pennsylvania 15222. PNC NA may be served at One PNC Plaza 249

Fifth Avenue, Pittsburgh, Pennsylvania 15222 via an officer, a managing or general agent, or any

other agent authorized by appointment or by law to receive service of process.

25.     On information and belief, Defendant PNC Holding, LLC ("PNC Holding") is a

Delaware corporation with its principal place of business at 300 Delaware Ave. Ste. 304,

Wilmington, Delaware 19801. PNC Holding has appointed Corporation Service Company, 2711

Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

## JURISDICTION AND VENUE

26.     This action arises under the patent laws of the United States, Title 35 of the

United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

27.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On

information and belief, each Defendant has transacted business in this district, and has

committed and/or induced acts of patent infringement in this district.

28.     On information and belief, Defendants are subject to this Court's specific and

general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at

least to their substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,937,402

29.     Plaintiff is the owner by assignment of United States Patent No. 5,937,402 ("the

'402 Patent") entitled "System for Enabling Access to a Relational Database from an Object

Oriented Program."  The '402 Patent issued on August 10, 1999.  A true and correct copy of the

'402 Patent is attached as Exhibit A.

30.     Upon information and belief, Defendant Staples has been and now is infringing

the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,

by, among other things, methods practiced on various Staples websites (including, without

limitation to, staples.com) through its use of logical tables and logical keys to facilitate

interaction between user applications and a relational database.  Defendant Staples is thus liable

for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

31.     Upon information and belief, Defendant J.C. Penney has been and now is

infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, methods practiced on various J.C. Penney websites

(including, without limitation to, jcpenney.com) through its use of logical tables and logical keys

to facilitate interaction between user applications and a relational database.   Defendant J.C.

Penney is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

32.     Upon information and belief, Defendant J.C. Penney Corporation has been and

now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in

the United States, by, among other things, methods practiced on various J.C. Penney Corporation

websites (including, without limitation to, jcpenney.com) through its use of logical tables and

logical keys to facilitate interaction between user applications and a relational database.

Defendant J.C. Penney Corporation is thus liable for infringement of the '402 patent pursuant to

35 U.S.C. § 271.

33.     Upon information and belief, Defendant Sears has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Sears websites (including, without limitation to, sears.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant Sears is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

34.     Upon information and belief, Defendant Sears Roebuck has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Sears Roebuck websites (including, without limitation to, sears.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant Sears Roebuck is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

35.     Upon information and belief, Defendant BNY has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various BNY websites (including, without limitation to, bnymellon.com and workbench.mellon.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant BNY is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

36.     Upon information and belief, Defendant Eagle has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Eagle websites (including, without limitation to, bnymellon.com, workbench.mellon.com, and eagleinvsys.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational

database.  Defendant Eagle is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

37.     Upon information and belief, Defendant Pershing has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Pershing websites (including, without limitation to, bnymellon.com, workbench.mellon.com, and pershing.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant Pershing is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

38.     Upon information and belief, Defendant Capital One has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Capital One websites (including, without limitation to, capitalone.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant Capital One is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

39.     Upon information and belief, Defendant Capital One USA has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Capital One USA websites (including, without limitation to, capitalone.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant Capital One USA is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

40.     Upon information and belief, Defendant Capital One NA has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, methods practiced on various Capital One NA websites (including, without limitation to, capitalone.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.   Defendant Capital One NA is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

41.   Upon information and belief, Defendant Capital One Services has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Capital One Services websites (including, without limitation to, capitalone.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database. Defendant Capital One Services is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

42.   Upon information and belief, Defendant Regions has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Regions websites (including, without limitation to, regions.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant Regions is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

43.   Upon information and belief, Defendant Goldman Sachs has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Goldman Sachs websites (including, without limitation to, goldmansachs.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.   Defendant Goldman Sachs is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

44.     Upon information and belief, Defendant Goldman International has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Goldman International websites (including, without limitation to, goldmansachs.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database. Defendant Goldman International is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

45.     Upon information and belief, Defendant GS & Co. has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various GS & Co. websites (including, without limitation to, goldmansachs.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant GS & Co. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

46.     Upon information and belief, Defendant Fidelity Brokerage has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Fidelity Brokerage websites (including, without limitation to, fidelity.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant Fidelity Brokerage is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

47.     Upon information and belief, Defendant FMR has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various FMR websites (including, without limitation to, fidelity.com) through its use of logical tables and logical keys to facilitate interaction between

user applications and a relational database.  Defendant FMR is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

48.    Upon information and belief, Defendant FMR Corp. has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various FMR Corp. websites (including, without limitation to, fidelity.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant FMR Corp. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

49.    Upon information and belief, Defendant National Financial has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various National Financial websites (including, without limitation to, fidelity.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant National Financial is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

50.    Upon information and belief, Defendant PNC has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various PNC websites (including, without limitation to, pnc.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.  Defendant PNC is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

51.    Upon information and belief, Defendant PNC Bancorp has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various PNC Bancorp websites

(including, without limitation to, pnc.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.   Defendant PNC Bancorp is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

52.   Upon information and belief, Defendant PNC NA has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various PNC NA websites (including, without limitation to, pnc.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.   Defendant PNC NA is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

53.   Upon information and belief, Defendant PNC Holding has been and now is infringing the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various PNC Holding websites (including, without limitation to, pnc.com) through its use of logical tables and logical keys to facilitate interaction between user applications and a relational database.   Defendant PNC Holding is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,101,502

54.   Plaintiff is the owner by assignment of United States Patent No. 6,101,502 ("the '502 Patent") entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented Software."   The '502 Patent issued on August 8, 2000.   A true and correct copy of the '502 Patent is attached as Exhibit A.

55.   Upon information and belief, Defendant Staples has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,

by, among other things, methods practiced on various Staples websites (including, without limitation to, staples.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Staples is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

56.    Upon information and belief, Defendant J.C. Penney has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various J.C. Penney websites (including, without limitation to, jcpenney.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant J.C. Penney is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

57.    Upon information and belief, Defendant J.C. Penney Corporation has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various J.C. Penney Corporation websites (including, without limitation to, jcpenney.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant J.C. Penney Corporation is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

58.     Upon information and belief, Defendant Sears has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Sears websites (including, without limitation to, sears.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendant Sears is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

59.     Upon information and belief, Defendant Sears Roebuck has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Sears Roebuck websites (including, without limitation to, sears.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendant Sears Roebuck is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

60.     Upon information and belief, Defendant BNY has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various BNY websites (including, without limitation to, bnymellon.com and workbench.mellon.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational

database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendant BNY is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

61.     Upon information and belief, Defendant Eagle has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Eagle websites (including, without limitation to, bnymellon.com, workbench.mellon.com, and eagleinvsys.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendant Eagle is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

62.     Upon information and belief, Defendant Pershing has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Pershing websites (including, without limitation to, bnymellon.com, workbench.mellon.com, and pershing.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendant Pershing is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

63.     Upon information and belief, Defendant Capital One has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Capital One websites

(including, without limitation to, capitalone.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Capital One is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

64.     Upon information and belief, Defendant Capital One USA  has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Capital One USA websites (including, without limitation to, capitalone.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Capital One USA is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

65.     Upon information and belief, Defendant Capital One NA has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Capital One NA websites (including, without limitation to, capitalone.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Capital One NA is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

66.     Upon information and belief, Defendant Capital One Services has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, methods practiced on various Capital One Services websites (including, without limitation to, capitalone.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Capital One Services is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

67.   Upon information and belief, Defendant Regions has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Regions websites (including, without limitation to, regions.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendant Regions is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

68.   Upon information and belief, Defendant Goldman Sachs has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various Goldman Sachs websites (including, without limitation to, goldmansachs.com) through its uses of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendants Goldman Sachs is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

69.     Upon information and belief, Defendant Goldman International has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Goldman International websites (including, without limitation to, goldmansachs.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Goldman International is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

70.     Upon information and belief, Defendant GS & Co. has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various GS & Co. websites (including, without limitation to, goldmansachs.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendant GS & Co. is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

71.     Upon information and belief, Defendant Fidelity Brokerage has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Fidelity Brokerage websites (including, without limitation to, fidelity.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational

database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Fidelity Brokerage is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

72.      Upon information and belief, Defendant FMR has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various FMR websites (including, without limitation to, fidelity.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant FMR is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

73.      Upon information and belief, Defendant FMR Corp. has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various FMR Corp. websites (including, without limitation to, fidelity.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant FMR Corp. is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

74.      Upon information and belief, Defendant National Financial has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various National Financial websites (including, without limitation to, fidelity.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model,

and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant National Financial is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

75.     Upon information and belief, Defendant PNC has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various PNC websites (including, without limitation to, pnc.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant PNC is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

76.     Upon information and belief, Defendant PNC Bancorp has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various PNC Bancorp websites (including, without limitation to, pnc.com) through its use of object oriented software applications that rely on mapping information between a relational database and an object model, and a runtime engine for invoking one or more objects with information from a relational database covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant PNC Bancorp is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

77.     Upon information and belief, Defendant PNC NA has been and now is infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various PNC NA websites (including, without limitation to, pnc.com) through its use of object oriented software applications that rely on

mapping information between a relational database and an object model, and a runtime engine

for invoking one or more objects with information from a relational database covered by one or

more claims of the '502 Patent to the injury of DataTern.  Defendant PNC NA is thus liable for

infringement of the '502 patent pursuant to 35 U.S.C. § 271.

78.    Upon information and belief, Defendant PNC Holding has been and now is

infringing the '502 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, methods practiced on various PNC Holding websites

(including, without limitation to, pnc.com) through its use of object oriented software

applications that rely on mapping information between a relational database and an object model,

and a runtime engine for invoking one or more objects with information from a relational

database covered by one or more claims of the '502 Patent to the injury of DataTern.  Defendant

PNC Holding is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

79.    On information and belief, to the extent any marking was required by 35 U.S.C. §

287, all predecessors in interest to the '402 and/or '502 Patents complied with any such

requirements.

80.    To the extent that facts learned in discover show that Defendants' infringement of

the '402 and/or '502 Patents is, or has been willful, Plaintiff reserves the right to request such a

finding at the time of trial.

81.    As a result of these Defendants' infringement of the '402 and/or '502 Patents,

Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to

suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

82.    Unless a permanent injunction is issued enjoining these Defendants and their

agents, servants, employees, representatives, affiliates, and all others acting on in active concert

therewith from infringing the '402 and/or '502 Patents, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff that Defendants have infringed the '402 and/or '502 Patents, and that such infringement was willful;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '402 and/or '502 Patents;

3.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '402 and/or '502 Patents as provided under 35 U.S.C. § 284;

4.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6.      Any and all other relief to which Plaintiff may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**DATATERN INC.**

Dated: April 19, 2010

By: /s/ Andrew W. Spangler
Marc A. Fenster, CA SB # 181067
E-mail: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:   310/826-7474
Facsimile:    310/826-6991

Patrick R. Anderson, MI SB # P68961
E-mail: patrick@prapllc.com
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
Telephone:   517/303-4806
Facsimile:    248/928-9239

Andrew W. Spangler, TX SB # 24041960
Spangler Law PC
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone:   903/753-9300
Facsimile:    903/553-0403
Email: spangler@spanglerlawpc.com

**ATTORNEYS FOR PLAINTIFF
DATATERN, INC.**