IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATERN, INC., <br><br> Plaintiff, <br><br> v. <br><br> STAPLES, INC., et al. <br><br> Defendants. | Civil No. 2:10 CV-00133(TJW) |

**PLAINTIFF DATATERN, INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) AND MOTION TO STRIKE UNDER FED. R. CIV. P. 12(F)(2)**

By this motion, DataTern, Inc. ("DataTern") requests that this Court 1) Dismiss the counterclaims of Defendant PNC Financial Services Group, Inc., PNC Bancorp, Inc., PNC Bank, National Association, and PNC Holding, LLC's (collectively "PNC"), alleging invalidity, non-infringement, and unenforceability of the patents-in-suit under Federal Rule of Civil Procedure 12(b)(6); and 2) Strike PNC's corresponding affirmative defenses of invalidity, non-infringement, and unenforceability under Federal Rule of Civil Procedure 12(f)(2). Because PNC has failed to specify adequate grounds or supporting facts that could possibly support a finding that DataTern's patents are invalid, not-infringed and/or unenforceable, PNC's counterclaims and affirmative defenses alleging the same fail to state claims on which relief can be granted and must be dismissed as a matter of law.

In its counterclaim alleging invalidity, PNC nakedly asserts that "the Patents-in-Suit are invalid and void under the provisions of Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112, and/or 132; and PNC is entitled to a declaration to that effect." (Dkt. No. 101, para. 112). That is all. The counterclaims for unenforceability and non-

infringement are even less adequate. (See Dkt. 101, para. 109 and 115). PNC's affirmative defenses are essentially substantively the same: "One or more of the claims of the Patents-in-Suit are invalid, void, or unenforceable for failing to comply with one or more of the requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 132." (Dkt. 101 para 85). The remainder of PNC's affirmative defenses feature similarly bald, conclusive statements. In each of PNC's counterclaims and affirmative defenses, PNC fails to identify which of the numerous statutory subsections under which they are brought, and are wholly devoid of factual support. As such, these allegations do not state a claim that is plausible on its face, and cannot withstand scrutiny under the Supreme Court's *Twombly* and *Iqbal* decisions. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

I.  **INTRODUCTION**

   A.  **This Litigation**

This suit concerns patented technology of systems for enabling access to a relational database from an object oriented program. The Patents-in-Suit – U.S. Patent Nos. 5,937,402 ("the '402 patent") and 6,101,502 ("the '502 patent) – are directed to, among other uses, methods for mapping between an object model and a relational database. The '402 patent issued on August 10, 1999 and the '502 patent issued on August 8, 2000. DataTern filed its original complaint at law on April 19, 2010. Defendant, PNC was served on April 27, 2010. PNC requested and was granted a 30 day extension of time to file its answer. (Dkt. 17).

PNC filed its Answer, Affirmative Defenses and Counterclaim on September 15, 2010. (See Dkt. 101). Although PNC originally mistakenly uploaded an incorrect document, because of the 30 day extension granted by this Court, PNC had ample opportunity to prepare and

adequately set forth the legal and factual bases for its invalidity, unenforceability and non-infringement allegations. Yet, what DataTern received from PNC was a woefully deficient, general assertion that the Patents-in-suit are invalid, unenforceable and not-infringed that fails to comply with the minimum standards imposed by the Federal Rules of Civil Procedure.

## II. THE APPLICABLE LAW

### A. Rule 8 and 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "A pleading that offers 'labels' and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint with the assumption that the facts alleged are true. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citations omitted). The Supreme Court in *Iqbal* explained that:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. … Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. The *Iqbal* Court further explained that its decision in *Twombly* was based on two underlying principles. *Id*. "First, the tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions.  **Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice**." *Id.* (emphasis added).  "Second, only a complaint [counterclaim] that states a plausible claim for relief survives a motion to dismiss…. Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S. Ct. at 1950.

    B.    **Rule 12(f)**

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "[I]t is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." *Sloan Valve Co. v. Zurn Industries, Inc.*, 2010 U.S. Dist. LEXIS 43287, *10 (N.D. Ill., May 4, 2010).  In *Surface Shields, Inc. v. Poly-Tak Prot. Sys.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003) on which numerous courts have relied, the court held that "[a] three-part test determines the fate of an affirmative defense subject to a motion to strike. (1) The matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Rules 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." Although motions to strike defenses are generally disfavored, a court may nevertheless strike an affirmative defense that fails to allege facts in support and does not provide fair notice of the grounds on which it rests. *Sloan Valve Co.*, 2010 U.S. Dist. LEXIS 43287, *28 (striking affirmative defenses and stating that the counter-plaintiff "offers no allegations in support thereof and has not provided any minimal specifics in its pleadings to provide [counter-defendant] with notice of how and in what way its defenses arise").

**III. PNC'S COUNTERCLAIMS FOR INVALIDITY UNDER 35 U.S.C. §§ 101, 102, 103, 112, AND/OR 132, UNENFORCEABILITY, AND NON-INFRINGEMENT ARE INSUFFICIENT AS A MATTER OF LAW AND SHOULD BE DISMISSED**

A claim for declaratory judgment of invalidity that wholly fails to specify the grounds for invalidity is insufficient. *Duramed Pharms., Inc. v. Watson Labs., Inc.*, 2008 U.S. Dist. LEXIS 103389, at *10-11 (D. Nev. Dec. 12, 2008). Each of PNC's counterclaims fails to specify the grounds for the claimed relief, are insufficient, and therefore, should be dismissed. In *Duramed*, the defendant's counterclaim for a declaration of invalidity of the patent in suit was supported by an allegation that "[t]he claims of the '969 patent are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq*." *Id*. at *11. The court dismissed the counterclaim, finding that "[Plaintiff] is correct that this allegation fails to state a claim. By failing to specify which of the many grounds of patent invalidity it is relying upon, [Defendant] does not put [Plaintiff] on fair notice as to the basis of its counterclaim." *Id*.

In so holding, the *Duramed* court relied on *Qarbon.com v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004) which dismissed a similarly deficient counterclaim for invalidity, finding it "radically insufficient." In assessing the counterclaim, the *Qarbon* court stated:

> eHelp alleges that "**the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 et seq., and specifically, §§ 101, 102, 103, and/or 112** ..." Counterclaim P6. Such a pleading is "**radically insufficient**." … By making general allegations, eHelp fails to give "fair notice" to Qarbon. "Effective notice pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer."

*Id.* at 1050-1051 (internal citations omitted) (emphasis added).

PNC's declaratory judgment counterclaim for patent invalidity provides no more detail than the "radically insufficient" claims dismissed in *Duramed* and *Qarbon*. PNC asserts that the

5

'402 and '502 patents are invalid under some unspecified subsections of §§ 101, 102, 103, 112 and/or 132 of the patent act. The mere listing of patent statute sections – without any facts or even any legal elements – does not contain even the "threadbare recitals of the elements of a cause of action," which the Supreme Court has held are insufficient, *Iqbal*, 129 S.Ct. at 1949, and fails to provide any, much less "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For example, Section 102 of the patent statute alone has seven subsections. At least five of the subsections, in turn, set forth numerous independent and far-ranging grounds for invalidating a patent claim, such as prior public use, prior offer to sell, prior printed-publication, abandonment, prior patenting in a foreign country by the inventor or his or her legal representatives or assigns, prior published patent applications by others, prior issued patents by others, non-joinder of inventors, prior invention by others and the like. See 35 U.S.C. § 102(a)-(g).

PNC fails to identify any of these grounds under § 102 for alleged patent invalidity, fails to provide even the barest legal elements of any such ground and, of course, fails to provide any facts to support its one-sentence conclusion of invalidity. The same is true to PNC's passing reference to § 103, which sets forth additional bases for patent invalidity in the event that "the invention is not identically disclosed or described as set forth in section 102." 35 U.S.C. § 103(a).

Section 112 likewise provides numerous additional grounds for challenging a patent including, among others, written description, lack of enablement, claim indefiniteness and failure to disclose the best mode of the invention. 35 U.S.C. § 112, ¶ 1-6. PNC does not even identify

y
z

any of these bases or plead any legal elements, much less plead adequate facts to support such elements.

PNC's open-ended listing of statutes, without more, fails to provide **any** notice to DataTern of the nature of PNC's counterclaims other than PNC's view that the '402 and '502 patents are invalid. This is no different than an antitrust plaintiff alleging, without more, that the defendant is liable because it violated some unspecified sections of one of the antitrust statutes or a defendant in a breach of contract action asserting a counterclaim alleging, without providing any facts or legal basis, that the contract in dispute is invalid or unenforceable.

Not only is PNC's counterclaim devoid of even formulaic recitations of the elements (which "will not do" under *Iqbal* and *Twombly*), but the counterclaim includes no factual enhancement whatsoever. Here, the Court cannot accept as true any facts in these counterclaims, as it must under a Rule 12(b)(6) analysis, because PNC has alleged **no facts at all**. As such, PNC's counterclaim fails to either "raise a right to relief above the speculative level" or "state a claim that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

Finally, DataTern is aware of a line of cases refusing to dismiss conclusory invalidity counterclaims, finding instead that the district courts' local patent rules had mandatory disclosure provisions through which the parties would clarify their respective infringement and invalidity allegations. See *Elan Pharma Int'l Ltd. v. Fournier Labs Ireland Ltd.*, 2010 U.S. Dist. LEXIS 32306, at * 10-11 (D.N.J. March 31, 2010). *Terstein v. AGA Med. Corp.*, 2009 U.S. Dist. LEXIS 125002, at *17 (E.D. Tex. Feb. 13, 2009). DataTern believes that these decisions are at odds with the Supreme Court's *Twombly* and *Iqbal* decisions. Specifically, the Supreme Court has held that case management does not alleviate a party's burden to meet the pleading requirements of Rule 8: "[w]e have held, however, that the question presented by a motion to dismiss a

complaint [counterclaim] for insufficient pleadings does not turn on the controls placed upon the discovery process." *Iqbal*, 129 S. Ct. at 1953. In *Twombly*, the Supreme Court also noted:

> [i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," … given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.… Probably, then, it is only by taking care to require allegations that reach the level suggesting [the alleged claim] that we can hope to avoid the potentially enormous expense of discovery in cases with no "reasonably founded hope that the discovery process will reveal relevant evidence.…"

550 U.S. 544, 560 (internal citations omitted). For these reasons, this Court should not follow the *Elan Pharma* and *Terstein* decisions, but instead, follow the *Twombly, Iqbal, Duramed* and *Qarbon.com* decisions.

In short, if PNC has viable theories of patent invalidity, PNC should be allowed to plead and litigate them, provided however, that they are well-grounded in fact and law and they provide adequate notice to DataTern. What PNC should not be allowed to do is to merely speculate, without providing any notice to DataTern, that the '402 and '502 patents are invalid for unspecified reasons in a pleading and then use that deficient pleading to expand the scope of the lawsuit unnecessarily.

For all of the foregoing reasons, PNC's invalidity counterclaim should be dismissed.

**IV. PNC'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN FOR FAILURE TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 8**

For the reasons set forth above, PNC's twelve (12) affirmative defenses [incorrectly numbered as fourteen] should also be dismissed. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense." Fed.R.Civ.P. 12(f). Specifically, affirmative defenses must be adequately pleaded under the requirements of Rule 8 and must withstand a Rule 12(b)(6) challenge. *Surface Shields, Inc.*, 213 F.R.D. at 308. As set forth above, PNC's counterclaims do

not meet the requirements of Rule 8, and cannot withstand a Rule 12(b)(6) challenge. PNC's corresponding Affirmative Defenses provides no more detail than the counterclaims.

## V.  CONCLUSION

For the foregoing reasons, the Court should 1) dismiss PNC's counterclaims alleging the '402 and '502 patents are invalid, unenforceable, and/or not-infringed; and 2) strike PNC's corresponding affirmative defenses.

Respectfully Submitted,

/s/Timothy J. Haller
Timothy J. Haller (haller@nshn.com)
Illinois State Bar No. 3125265
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Telephone:    (312) 236-0733
Fax: (312) 236-3137

David P. Henry (DHenry@dhenryfirm.com)
THE HENRY FIRM, P.C.
104 West Tyler Street
Longview, TX 75601
Telephone:  (903) 230-9874
Fax:  (903) 230-9875

Jason A. Holt (jason@stevenslove.com)
STEVENS, LOVE, HILL & HOLT, PLLC
111 West Tyler Street
Longview, TX 75601
Telephone:  (903) 753-6760
Fax: (903) 753-6761

*Attorneys for Plaintiff, DataTern, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this October 8, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


/s/ Timothy J. Haller
Timothy J. Haller

## CERTIFICATE OF CONFERENCE

This is a Motion to Strike under Fed. R. Civ. P. 12(f)(2) and that, under Local Rule CV-7(h) – (i), Counsel for Plaintiff has met and conferred with Counsel for Defendant PNC. Both parties were given an opportunity to express their views concerning this Motion. Also the parties were given an opportunity to compare views and have a discussion in an attempt to resolve their differing views before coming to court. The parties made a sincere effort to present their respective positions and assess the strengths thereof. As a result, the parties were unable to reconcile their differences and this Court must intervene to resolve this dispute.