UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATERN, INC., §<br>    Plaintiff, §<br> §   No. 2:10cv133-JRG-RSP<br>vs. §<br> §   **JURY TRIAL DEMANDED**<br>STAPLES, INC., *et al.*, §<br>    Defendants. § | |

### DEFENDANTS' MOTION TO REINSTATE STAY

Defendants Staples, Inc. ("Staples"), J.C. Penney Company, Inc., J.C. Penney Corporation, Inc. (jointly, "J.C. Penney"), Sears Holdings Corporation, and Sears, Roebuck and Co. (jointly, "Sears") (collectively, "Defendants") respectfully request that this case be stayed pending resolution of the Federal Circuit appeal of the Manufacturer Actions.[1] Plaintiff DataTern, Inc. ("DataTern") is either enjoined or otherwise precluded from asserting or prosecuting its claims in this case, and as such, a reinstated stay is not only appropriate but necessary.

### I.   INTRODUCTION

At issue in both this case and the Manufacturer Actions are U.S. Patent No. 5,937,402 (the "'402 patent") and U.S. Patent No. 6,101,502 (the "'502 patent") (jointly the "Asserted Patents"). DataTern's infringement contentions against Defendants in this case are based solely on the alleged use of Microsoft's ADO.Net and/or SAP's BusinessObjects tools -- the identical products at issue in the Manufacturer Actions. (*See* Dkt. No. 147, Exs. C-E).

---

[1] *See Microsoft Corporation v. DataTern, Inc.*, Cause No. 1:11-cv-02365 in the United States District Court for the Southern District of New York (the "Microsoft Action") and *SAP AG and SAP America, Inc. v. DataTern, Inc.*, Cause No. 1:11-cv-02648 in the United States District Court for the Southern District of New York (the "SAP Action"). The Microsoft Action and the SAP Action were consolidated and are collectively herein the "Manufacturer Actions."

On March 12, 2012, Magistrate Judge Craven stayed all pending DataTern litigation in the Eastern District of Texas based on the customer-suit doctrine and general principles of equity. (*See* Dkt. No. 185).[2] The stay was later affirmed by Judge Schneider and modified to provide an end date. (*See* Dkt. No. 196). Upon expiration of the stay, by Order of the Court dated November 20, 2012, the parties conferred and a new schedule and discovery order was later entered. (*See* Dkt. Nos. 214, 221).

In addressing the propriety of the stay, this Court correctly determined that "it would be inefficient and a waste of judicial resources if this case is not stayed pending resolution of the declaratory judgment actions" with the "true defendants." (Dkt. No. 185 at 9). Further, the Court recognized that resolution of the Manufacturer Actions would "settle many issues and simplify them all." *Id.* Indeed, that has proven to be the case.

Since November 2012, there have been significant additional developments in the Manufacturer Actions. The New York court has entered a final judgment of non-infringement against DataTern and in favor of the providers of the products at issue in this case, Microsoft and SAP. The New York court also has entered an injunction prohibiting DataTern from further charging or initiating any action for infringement of the Asserted Patents against SAP and its customers using technology purchased from SAP. (*See* Dkt. No. 225-1, Ex. A). Those decisions followed the New York court's entry of a claim construction ruling, and DataTern's resulting admission that it could not prove infringement of its patents by Microsoft's and SAP's products. (*See* SAP Action, Dkt. Nos. 151, 154). On January 24, 2013, DataTern filed a Notice of Appeal of the Manufacturer Actions to the Federal Circuit. (Dkt. No. 225-1, Ex. B).

---

[2] In addition to this case, DataTern is plaintiff in two other matters pending in the Eastern District. *See DataTern, Inc. v. Eli Lilly and Company, et al.*, No. 2:10-cv-413-TJW in the United States District Court for the Eastern District of Texas; *DataTern, Inc. v. Abbott Laboratories, Inc., et al.*, No 2:11-cv-203-TJW in the United States District Court for the Eastern District of Texas.

Based on the foregoing procedural status of the Manufacturer Actions and rulings of the New York court, Defendants respectfully submit that a reinstated stay is warranted. The injunction against DataTern and principles of issue preclusion bar DataTern from getting another bite at the apple in Texas when its prior attempt in New York failed on the same issues. A stay likewise remains consistent with the purpose and rationale of the customer-suit doctrine and will allow the Court and the parties to further conserve resources and prevent unnecessary litigation with potentially inconsistent decisions.

## II.     ARGUMENT & AUTHORITIES

**A.     DataTern Is Enjoined from Charging Infringement of the Asserted Patents Against SAP's Customers.**

The Court should stay this case because DataTern is barred from charging infringement of the Asserted Patents against SAP's customers with respect to SAP products. (*See* Dkt. No. 225-1, Ex. A). DataTern conceded it could not prove infringement. (Ex. A, Tr. 73:14-19).[3] As a result of that concession, and relying on the *Kessler* doctrine,[4] the New York court has unequivocally enjoined DataTern from "directly or indirectly charging infringement, or instituting any further action for infringement of the '402 or '502 Patents against SAP or any of its customers, licensees, distributors, users, or suppliers for technology purchased from SAP." (Dkt. No. 225-1, Ex. A). The only accused instrumentality identified in DataTern's infringement contentions for the '502 patent is SAP's BusinessObjects. (*See* Dkt. No. 147, Exs. C-E).

SAP sought injunctive relief primarily to protect its customers that were being sued by DataTern. (SAP Action, Dkt. No. 196). The fact that DataTern had already sued SAP's

---

[3] Transcript excerpts from the December 14, 2012 hearing in the Manufacturer Actions are combined and collectively referred to as Exhibit A to this motion.

[4] *Kessler v. Eldred*, 206 U.S. 285 (1907) (enjoining a patent infringement action against a customer of a seller who has previously prevailed against the patentee).

customers was sufficient proof for the New York court that irreparable harm existed requiring an injunction to halt further damage to SAP's goodwill. (Ex. A, Tr. 65:18-67:14). In the face of that injunction, DataTern cannot continue to prosecute in this Court its claims of infringement against SAP's customers for use of SAP products, and as such, staying the case is mandated. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463-64 (Fed. Cir. 1990) (affirming the district court's injunction of the customer suit and holding that precedent required stay of that suit).

B. **DataTern Is Barred from Challenging the Claim Construction Ruling in the Manufacturer Actions.**

If this case is not stayed, the parties will soon be engaged in claim construction analysis, claim construction briefing, and ultimately a *Markman* hearing before the Court. DataTern's claim construction arguments, however, were adjudicated dispositively and adversely to it in the Manufacturer Actions and are now before the Federal Circuit.[5] Thus, the doctrine of collateral estoppel bars DataTern from relitigating claim construction issues of the Asserted Patents before this Court. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349-50 (1971) (allowing defendant customer to assert collateral-estoppel defense based on invalidity ruling in manufacturer action). Collateral estoppel precludes DataTern from pursuing new claim construction rulings in this Court because "(1) the issue at stake [is] identical to the one involved in the prior action; (2) the issue [was] actually litigated in the prior action; and (3) the determination of the issue in the prior action [was] a necessary part of the judgment in that earlier action." *See Charles E. Hill & Assocs., Inc. v. Amazon.com*, No. 2:02-cv-186, 2005 WL

---

[5] "The law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding." *Pharmacia & Upjohn Co. v. Mylan Pharms, Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) (citing *SSIH Equip. S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed. Cir. 1983); *see also Timmons v. Special Ins. Servs.*, 984 F. Supp. 997, 1008 (E.D. Tex. 1997) ("[T]he pendency of appeal does not affect the finality of a judgment for purposes of res judicata or collateral estoppel."); *Wright v. Fed. Nat'l Mort. Ass'n*, No. H-12-288, 2012 WL 1990819, at *2 (S.D. Tex. Apr. 9, 2012) (citing *Deere & Co. v. Johnson*, 67 F. App'x 253, at *1 (5th Cir. 2003)).

2488715, at *2 (E.D. Tex. Oct. 7, 2005) (citing *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999)); *see also Texas Instruments, Inc. v. Linear Techs. Corp.*, 182 F. Supp. 2d 580, 585 (E.D. Tex. 2002) (quoting *Innovad Inc. v. Microsoft Corp.*, 260 F.3d 1326, 1334 (Fed. Cir. 2001)) ("Under the doctrine of issue preclusion . . . a judgment on the merits in a first suit precludes relitigation in a second suit of the issues actually litigated and determined in the first suit."). DataTern had a full and fair opportunity[6] to seek construction of the same claim terms in New York that will be before this Court.[7] By its concession and the New York court's final ruling, DataTern cannot prevail unless those claim constructions are vacated or substantially modified by the Federal Circuit. As a result, the Court should stay this case pending the outcome of the appeal in the Manufacturer Actions.

Central to collateral estoppel here, the New York claim construction ruling was the crucial blow to DataTern's case in the Manufacturer Actions and necessitated a judgment in the Manufacturers' favor. (Ex. A, Tr. 73:11-74:6). DataTern so conceded. (SAP Action, Dkt. 154). The December 19, 2012 Order states, "Plaintiffs' motions for summary judgment of noninfringement are GRANTED <u>on the basis of defendant's concessions that there are four separate reasons why it cannot prove infringement in light of this Court's Markman decision of August 24, 2012</u>." (Dkt. No. 225-1, Ex. A (emphasis added)). This is not a case where the manufacturer action was resolved through settlement. The New York court actually construed the same claims at issue in this case after full briefing and a contested hearing, and those constructions formed the basis for final judgment in the Manufacturer Actions. *Cf. Paltalk*

---

[6] DataTern engaged in extensive briefing of patent claim terms, thoroughly litigating the claims that were construed in the New York *Markman* order. (*See* SAP Action, Dkt. Nos. 88, 107, and 124).

[7] Moreover, at Judge Craven's request, Defendants agreed to be bound by the construction of terms issued in the New York claim construction ruling, reserving only such rights to appeal the claim construction as the parties to the Manufacturer Actions would have. (Dkt. No. 177).

*Holdings, Inc. v. Microsoft Corp.*, No. 2:06-cv-367, 2008 WL 4830571, at *4 (E.D. Tex. July 29, 2008). Because DataTern thoroughly litigated identical patent claims in the Manufacturer Actions, and the *Markman* order construing those claims was essential to final judgment in the Manufacturer Actions, the Court should stay this litigation.

C. **DataTern Is Collaterally Estopped from Asserting Infringement of the Asserted Patents**

The Court should also stay this matter because DataTern is bound by the judgment of non-infringement rendered in the Manufacturer Actions. *See Hill*, 2005 WL 2488715, at *5 (granting summary judgment against patentee in subsequent action based on collateral estoppel when patentee lost on summary judgment in the prior action after having had a full and fair opportunity to litigate the same technology). The facts in this case are very close to those considered by the Fourth Circuit in *General Chemical Company v. Standard Wholesale Phosphate & Acid Works, Inc.*, 101 F.2d 178 (4th Cir. 1939). In that case, the patentee sued a customer of a manufacturer of a sulphuric-acid catalyst. *Id.* at 179. In a prior Third Circuit case, the catalyst manufacturer was sued by the same patentee for infringing the product and method claims of the same patent, but the court held that the manufacturer did not infringe the patents. *Id.* Holding that the patentee was bound by the judgment of the manufacturer suit and could not pursue its claims against the manufacturer's customer, the Fourth Circuit stated in the customer suit,

> The patentee, in such case, has had his day in court with respect to the subject matter of the litigation, and non infringement has been solemnly adjudicated with respect to it. To hold that he is bound by the judgment in suits against other parties with respect to the same subject matter, does him no injustice and prevents unseemly conflict of decision and useless prolonging of a controversy which has been decided against him by the courts.

*Id.* at 181. Similarly, here, the New York court has already decided that Microsoft's and SAP's products do not infringe the Asserted Patents (Dkt. 225-1, Ex. A). DataTern has conceded as

much, and a final judgment has been entered to that effect (SAP Action, Dkt. 213). Therefore, the Court should stay this case pending resolution in the Federal Circuit.

DataTern has intimated it will avoid the consequences of the New York findings by trying to modify its contentions here. (Dkt. No. 208 at 7). Not only would such modification not meet the requirements of P.R. 3-6, DataTern cannot now allege what could have been alleged prior to the adverse ruling against it. *See, e.g., Parallel Networks, LLC v. Abercrombie & Fitch Co.*, No. 2012-1227, 2013 WL 163814, at *8 (Fed. Cir. Jan. 16, 2013). "Having lost, [DataTern] may not now initiate what would amount to a completely new infringement proceeding." *Id.*

Moreover, any effort by DataTern to recast its allegations as to Microsoft products[8] to focus differently on Defendants' alleged *use*, also fails:

> It has been suggested that there is a difference between infringement in manufacture and infringement in the use of the manufactured articles and that a separate action can be maintained against the user for the infringing use. This is true, of course, but it is also true that the facts necessary to show that the article infringes are the same in the one case as in the other and there is no reason why the patentee who has lost in his suit against the manufacturer should be permitted to try virtually the same case over again as many times as he can find purchasers of the manufactured product.

*General Chem.*, 101 F.2d at 182. The information this Court will use to determine whether Defendants have infringed the Asserted Patents by their alleged use of the ADO.Net product is the same previously weighed by the New York court when determining that Microsoft's products, including ADO.Net, do not infringe. DataTern is estopped from relitigating these issues.

D.  **The Court Should Reinstate the Stay.**

As matters currently stand, the claims in the instant case have been resolved by final judgment in New York. It has been adjudicated that the accused products do not infringe the

---

[8] The injunction would prohibit any such attempts as to SAP products.

Asserted Patents and, lest there be any doubt, DataTern has been enjoined from any further prosecution of its claims as to SAP products. This case was previously stayed to allow Microsoft and SAP to resolve the primary dispute with DataTern. As recognized by the Federal Circuit:

> At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit. . . . [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.

*Katz*, 909 F.2d at 1464; *see also In re Papst Licensing GmbH & Co. KG Litigation*, 767 F. Supp. 2d 1, 10 (D.D.C. 2011) ("Underlying the customer suit doctrine is the preference that <u>infringement determinations</u> should be made in suits involving the true defendant, the party that controls the product's design, rather than suits involving secondary parties such as customers of the manufacturer.") (emphasis added). That same reasoning necessitates an additional stay now. An extension of the stay through appeal of the Manufacturer Actions will allow DataTern its day before the Federal Circuit while preserving the resources of the parties and this Court that would be expended. Despite the length of time since its initiation, this case remains in its early stages given the limited discovery conducted and given that the prior stay was entered before a *Markman* hearing. Thus, even under a traditional stay analysis, the Court should exercise its inherent power to control its own docket and reinstate the stay previously granted pending the outcome of the appeal. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936); *Adrain v. Vigilant Video, Inc.*, No. 2:10-cv-173, 2012 WL 966200, at *1 (E.D. Tex. Mar. 21, 2012) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

### III. CONCLUSION & PRAYER

The rationale for the prior stay continues today and has only been bolstered by an injunction and final judgment in the Manufacturer Actions. A stay will permit compliance with

the injunction, uphold the principles of issue preclusion, allow all parties to avoid undue hardship, reduce the chance that either Defendants or Plaintiff would be forced to waste time, energy, and money on repetitive and overlapping litigation, and conserve the resources of this Court. Defendants therefore respectfully request that the proceedings in this case be stayed through appeal of the Manufacturer Actions.

DATED: March 18, 2013                    Respectfully submitted,

**ANDREWS KURTH LLP**

By:  /s/  *Gerald C. Conley*
    Tonya M. Gray
    Texas Bar No. 24012726
    tonyagray@andrewskurth.com
    Gerald C. Conley
    Texas Bar No. 04664200
    geraldconley@andrewskurth.com
    Mark A. Shoffner
    Texas Bar No. 24037490
    markshoffner@andrewskurth.com

1717 Main Street, Suite 3700
Dallas, Texas  75201
Telephone: 214-659-4400
Facsimile: 214-659-4401

**ATTORNEYS FOR DEFENDANTS STAPLES, INC.; SEARS HOLDINGS CORPORATION, SEARS, ROEBUCK AND CO.; J.C. PENNEY COMPANY, INC. AND J.C. PENNEY CORPORATION, INC.**

### CERTIFICATE OF CONFERENCE

Counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h), and this motion is opposed by counsel for Plaintiff.  Gerald C. Conley, counsel for Defendants, and Steven E. Aldous, counsel for Plaintiff, personally conferred via telephone on March 18, 2013, and Mr. Aldous communicated his client opposes this motion.  Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

    /s/  *Gerald C. Conley*
    Gerald C. Conley

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this 18th day of March, 2013.

    /s/  *Gerald C. Conley*