**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DATATERN, INC.,** | § | |
| Plaintiff, | § | |
| | § | **NO. 2:10CV133 JRG RSP** |
| vs. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **STAPLES, INC., ET AL.,** | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ADOPTING
PRIOR CLAIM CONSTRUCTIONS AND BRIEF IN SUPPORT**

**ANDREWS KURTH LLP**

Tonya M. Gray
Texas Bar No. 24012726
tonyagray@andrewskurth.com
Gerald C. Conley
Texas Bar No. 04664200
geraldconley@andrewskurth.com
Mark A. Shoffner
Texas Bar No. 24037490
markshoffner@andrewskurth.com

1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4400
Facsimile:  (214) 659-4401

**ATTORNEYS FOR DEFENDANTS STAPLES,
INC., J.C. PENNEY COMPANY, INC., J.C.
PENNEY CORPORATION, INC., SEARS
HOLDINGS CORPORATION, AND SEARS,
ROEBUCK AND CO.**

**TABLE OF CONTENTS**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 1

II. INTRODUCTION ............................................................................................................. 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 2

IV. ARGUMENT AND AUTHORITIES ............................................................................... 4
    A. Collateral Estoppel Bars DataTern From Asserting Claim Constructions That Conflict With the New York Court's Markman Ruling. ........................................ 4
        1. The issues in this case are the same as in the Manufacturer Actions. ....... 5
        2. The issues were actually litigated. ............................................................. 6
        3. The claim construction ruling was a necessary part of the New York judgment. .................................................................................................... 7
    B. DataTern is Judicially Estopped from Asserting Its Proposed Construction of "Object of an Object Class" ................................................................................... 8
        1. DataTern's proposed construction conflicts with its agreed constructions in the Manufacturer Actions. ...................................................................... 9
        2. The New York court accepted the agreed constructions of "object" and "object class." ........................................................................................... 10

V. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abbott Labs. v. Dey*, 110 F. Supp. 2d 667 (N.D. Ill. 2000) ..................................................................8

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
    692 F. Supp. 2d 487 (M.D. Pa. 2010) ..................................................................5

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
    402 U.S. 313 (1971) ..................................................................4

*Charles E. Hill & Assocs., Inc. v. Amazon.com*,
    No. 2:02-cv-186, 2005 WL 2488715 (E.D. Tex. Oct. 7, 2005) ..................................................................5

*Ergo Science, Inc. v. Martin*,
    73 F.3d 595 (5th Cir. 1996) ..................................................................10

*General Chem. Co. v. Stand. Wholesale Phosphate & Acid Works, Inc.*,
    101 F.2d 178 (4th Cir. 1939) ..................................................................6

*Hartley v. Mentor Corp.*,
    869 F.2d 1469 (Fed. Cir. 1989) ..................................................................4

*In re Freeman*,
    30 F.3d 1459 (Fed. Cir. 1994) ..................................................................7

*Markman v. Westview Instr., Inc.*,
    517 U.S. 370 (1996) ..................................................................6

*Molinaro v. Fannon/Courier Corp.*,
    745 F.2d 651 (Fed. Cir. 1984) ..................................................................5

*Mondis Tech. Ltd. v. Chimei Innolux Corp.*,
    822 F. Supp. 2d 639 (E.D. Tex. 2012) ..................................................................8, 9

*Next Level Commc'ns LP v. DSC Commc'ns Corp.*,
    179 F.3d 244 (5th Cir. 1999) ..................................................................4

*Paltalk Holdings, Inc. v. Microsoft Corp.*,
    No. 2:06-cv-367, 2008 WL 4830571 (E.D. Tex. July 29, 2008) ..................................................................8

*Pharmacia & Upjohn Co. v. Mylan Pharms, Inc.*,
    170 F.3d 1373 (Fed. Cir. 1999) ..................................................................7

*RSR Corp. v. Int'l Ins. Co.*,
    612 F.3d 851 (5th Cir. 2010) ..................................................................8, 9

*Solomon Techs., Inc. v. Toyota Motor Corp.*,
    No. 8:05-cv-1702, 2010 WL 715243 (M.D. Fla. Jan. 26, 2010) .............................................10

*Texas Instruments v. Linear Techs. Corp.*,
    182 F. Supp. 2d 580 (E.D. Tex. 2002) ......................................................................................6

*Timmons v. Special Ins. Servs.*,
    984 F. Supp. 997 (E.D. Tex. 1997) ...........................................................................................7

*Wright v. Fed. Nat'l Mort. Ass'n*,
    No. H-12-288, 2012 WL 1990819 (S.D. Tex. Apr. 9, 2012) .....................................................8

Pursuant to Federal Rule of Civil Procedure 56 and the Court's July 1, 2013 Order (Dkt. No. 250), Defendants Staples, Inc., J.C. Penney Company, Inc., J.C. Penney Corporation, Inc., Sears Holdings Corporation, and Sears, Roebuck and Co. ("Defendants") respectfully submit this motion for partial summary judgment that DataTern is precluded by the doctrine of collateral estoppel from re-litigating claim construction rulings previously issued by the United States District Court for the Southern District of New York in *Microsoft Corporation v. DataTern, Inc.*, Cause No. 1:11-cv-02365 and *SAP AG and SAP America, Inc. v. DataTern, Inc.*, Cause No. 1:11-cv-02648 (jointly, the "Manufacturer Actions").

## I.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Issue:  Whether, applying the doctrines of collateral estoppel and judicial estoppel, the court should adopt in this case the claim term constructions applied in the Manufacturer Actions.

## II.   INTRODUCTION

The doctrine of collateral estoppel mandates that where a patent holder has had a full and fair opportunity to litigate the meaning of patent terms in an earlier proceeding, those constructions are binding on the patent holder in subsequent litigation.  In the Manufacturer Actions, DataTern, Inc. ("DataTern") fully briefed, submitted evidence on, and argued its proposed constructions for claim terms of U.S. Patent No. 5,937,402 (the "'402 patent"), resulting in claim construction findings and a final judgment for the Manufacturers.  Now, DataTern seeks to avoid the consequences of the New York court's rulings and have the same claim terms heard anew.  Because doing so is at odds with the purpose of collateral estoppel and the policy in favor of uniform application of patents, the Court should grant summary judgment adopting the New York court's claim construction and deny DataTern a do-over.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

DataTern asserts patent infringement claims against the Defendants based upon their alleged use of Microsoft's ADO.Net and/or SAP's BusinessObjects tools -- products they asserted in the Manufacturer Actions infringe U.S. Patent No. 6,101,502 (the "'502 patent") and/or the '402 patent (jointly the "Asserted Patents"). (*See* Microsoft Action, Dkt. No. 30; Dkt. No. 175, Ex. A, ¶ 3; Dkt. No. 147, Exs. C-E).

Because the Manufacturer Actions, involving the real parties in interest, were filed in response to DataTern's suits against Microsoft and SAP customers, Defendants requested that this case be stayed to allow the Manufacturer Actions to proceed. As part of that request, Defendants agreed to be bound by the New York claim constructions, reserving only such rights to appeal the constructions as the parties to the Manufacturer Actions would have. (Dkt. No. 177). Based on the customer-suit doctrine and general principles of equity, Magistrate Judge Craven stayed all DataTern litigation pending in the Eastern District of Texas[1] by order dated March 12, 2012. (Dkt. No. 185). The stay was later affirmed by Judge Schneider and modified to provide an end date. (Dkt. No. 196). In affirming the stay, the Court recognized that resolution of the Manufacturer Actions would "settle many issues and simplify them all." *Id.*

During the pendency of the stay, DataTern and the Manufacturers fully briefed their positions regarding construction of several claim terms of the Asserted Patents in the Manufacturer Actions. (Exs. A-F, Microsoft Action, Dkt. Nos. 88, 89, 98, 102, 107, 108).[2] With respect to the '402 patent, the following claim terms were in issue: (a) logical table; (b) logical

---

[1] In addition to this case, DataTern is plaintiff in two other matters pending in the Eastern District. *See DataTern, Inc. v. Eli Lilly and Company, et al.*, No. 2:10-cv-413-TJW in the United States District Court for the Eastern District of Texas; *DataTern, Inc. v. Abbott Laboratories, Inc., et al.*, No 2:11-cv-203-TJW in the United States District Court for the Eastern District of Texas.

[2] Due to their volume, Defendants submit in support of this motion the claim construction briefs filed in the Manufacturer Actions without the accompanying exhibits. In the event the Court believes the exhibits would assist it in considering this motion, Defendants request leave to supplement the record accordingly.

primary key column; (c) designating one column of the logical table as the logical primary key column; (d) normalized relational schema object; and (e) generating. (Ex. G, Microsoft Action, Dkt. No. 92). In addition, the parties submitted agreed constructions of several terms, including "an object" in the '502 patent, and "one or more object classes" in the '402 patent. (*See* Ex. G).

The New York court held a Markman hearing on August 10, 2012, at which DataTern had further opportunity to present its claim construction arguments. (Ex. H, Markman Hr'g Tr. July 30, 2012, Microsoft Action, Dkt. No. 128). DataTern also moved for and the Court admitted the entirety of its expert's deposition into evidence. (Ex. H, Markman Hr'g Tr. 3:19-20). Following that hearing, on August 24, 2012, the New York court issued its order on claim constructions. With respect to four of the five terms of the '402 patent in issue, the New York court adopted the construction proposed by the Manufacturers. (Ex. I, Markman Order, Microsoft Action, Dkt. No. 141).

Based on the New York court's Markman ruling, DataTern conceded that it could not prove infringement by either Microsoft's or SAP's products. (Dkt. No. 207, Ex. A). DataTern's concession led the New York court to modify its schedule so that it could expeditiously consider non-infringement summary judgment motions and complete the record for appeal. (Dkt. No. 207, Ex. B). On December 19, 2012, the New York court entered a final judgment of non-infringement against DataTern and in favor of Microsoft and SAP. (Ex. J, Microsoft Action, Dkt. No. 186). The New York court also enjoined DataTern from pursuing any action for infringement of the Asserted Patents against SAP and its customers for technology purchased from SAP.[3] (*Id.*).

---

[3] Microsoft did not seek a similar injunction.

Following the expiration of the first stay and the New York court's entry of judgment, Defendants asserted that collateral estoppel barred DataTern from challenging the New York construction in their Motion to Reinstate Stay. (Dkt. No. 228). Thereafter, as provided in this Court's Amended Docket Control Order, Defendants requested that the '402 patent term constructions entered in the Manufacturer Actions be adopted in this case. (Dkt. No. 247). Thereafter, the Defendants requested and obtained leave to seek this same relief through the filing of a motion for summary judgment. (Dkt. No. 250).

## IV. ARGUMENT AND AUTHORITIES

### A. Collateral Estoppel Bars DataTern From Asserting Claim Constructions That Conflict With the New York Court's Markman Ruling.

Collateral estoppel, or issue preclusion, bars re-litigation in a second suit of issues actually litigated and determined in an earlier suit. As explained by the Fifth Circuit,[4] the doctrine applies where: (1) the issue at stake is identical to the one involved in the prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that earlier action. *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999). The use of collateral estoppel to narrow issues and claims in patent cases was endorsed by the Supreme Court in *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349-50 (1971), which held that when the patent holder had a fair opportunity to present its case, a finding of invalidity in an earlier action would bar the patent holder's subsequent suits for infringement. The doctrine applies not just to findings of invalidity, but also to the construction of individual claim terms of the patent:

> When a court provides a Markman interpretation of a claim's language, and that interpretation was essential to a final resolution of a dispute over

---

[4] Because the application of issue preclusion is not a matter committed to the exclusive jurisdiction of the Federal Circuit, this Court should look to Fifth Circuit precedent for guidance on the doctrine. *Cf. Hartley v. Mentor Corp.*, 869 F.2d 1469, 1471 n.1 (Fed. Cir. 1989).

>infringement, a party to the suit is precluded from seeking a different interpretation of the same language in a subsequent dispute. In other words, the scope of the claims cannot be altered in the second lawsuit.

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487, 501 (M.D. Pa. 2010) (internal citations omitted); *see also Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 655 (Fed. Cir. 1984) ("where a determination of the scope of patent claims was made in a prior case, and the determination was essential to the judgment there on the issue of infringement, there is collateral estoppel in a later case the on scope of such claims, *i.e.*, the determined scope cannot be changed"). This is precisely the situation we have here.

1. **The issues in this case are the same as in the Manufacturer Actions.**

DataTern's unenjoined cause of action against the Defendants relates to the '402 patent. Moreover, the claims against the Defendants are predicated on their alleged use of the identical Microsoft product at issue in the Manufacturer Actions -- ADO.net. (*See* Dkt. No. 147, Exs. C-E). *See Charles E. Hill & Assocs., Inc. v. Amazon.com*, No. 2:02-cv-186, 2005 WL 2488715, at *3 (E.D. Tex. Oct. 7, 2005) (finding patentee's infringement contentions dispositive on issue whether technology accused of infringement in current case was same as that accused of infringement in previous case). It is unsurprising, then, that the claim terms to be construed in this case overlap substantially with those construed in the Manufacturer Actions.

The parties filed their original joint claim construction and prehearing statement in this case on December 16, 2011. (Dkt. No. 168). That filing identified "normalized relational schema object," "object of an object class," and "generating/generates" as among the disputed claims of the '402 patent. (Dkt. No. 168, Ex. A).[5] The current Amended Docket Control Order,

---

[5] The "access data" term was also submitted by the parties in this case. DataTern has withdrawn any opposition to Defendants' proposed construction, and thus "access data" is not at issue in this motion. DataTern had also agreed to the "access data" term in the Manufacturer Actions, (*see* Ex. G), even though it initially challenged the construction in this case.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ADOPTING PRIOR CLAIM CONSTRUCTIONS AND BRIEF IN SUPPORT - Page 5**
DAL:869504.1

(Dkt. No. 231), provided the parties amend their P.R. 4-3 statement to "take into account the New York action." The parties' Amended Joint Claim Construction and Prehearing Statement filed on April 26, 2013 expands the list of disputed '402 patent claim terms to also include "logical table," "logical primary key column," and "one or more object classes." (Dkt. No. 236). Every one of these claim terms was addressed[6] in the Manufacturer Actions. To the extent the terms in issue in this case overlap with those addressed in the Manufacturer Actions, collateral estoppel binds DataTern to the New York court's constructions. Moreover, to allow DataTern to return to the status quo of March 2012 would thwart the very efficiencies the stay was entered to gain. The New York constructions should be adopted by this Court.

### 2. The issues were actually litigated.

As demonstrated by the parties' extensive briefing and the transcript of the New York court's Markman hearing, DataTern had a full and fair opportunity to litigate its proposed construction of the claims of the '402 patent. (*See* Exs. A-F, Ex. H). Having already "had its say" on the disputed claims, DataTern should not be permitted to revisit claim construction here. *See Texas Instruments v. Linear Techs. Corp.*, 182 F. Supp. 2d 580, 585 (E.D. Tex. 2002). Doing so is not only an inefficient use of the Court's and the litigants' time and resources, it invites precisely the type of conflicting patent constructions the Supreme Court sought to prevent in *Markman v. Westview Instr., Inc.*, 517 U.S. 370, 391 (1996), where it held claim construction to be determined as a matter of law.

As the Fourth Circuit explained in *General Chem. Co. v. Stand. Wholesale Phosphate & Acid Works, Inc.,* 101 F.2d 178, 181 (4th Cir. 1939), when a patent holder "has had his day in court" against the manufacturers, and the court has ruled that the manufacturers did not infringe,

---

[6] As explained in Section B, the claim "object of an object class" was not addressed in the New York Markman hearing, but was the subject of the parties' agreement on certain terms of the Asserted Patents.

"[t]o hold that [the patentee] is bound by the judgment in suits against other parties with respect to the same subject matter, does him no injustice and prevents unseemly conflict of decision and useless prolonging of a controversy which has been decided against him by the courts." The summary judgment record demonstrates that DataTern fully and fairly presented its view of the claims of the '402 patent in the Manufacturer Actions, where it had every incentive to bring its best case forward. Having done so, DataTern should not be given a second bite at the apple.

### 3. The claim construction ruling was a necessary part of the New York judgment.

To be given collateral estoppel effect, the New York court's Markman rulings must have been a necessary part of the final judgment against DataTern. That this element is satisfied is apparent on the face of the New York court's summary judgment order, which states:

> Plaintiffs' motions for summary judgment of noninfringement are GRANTED on the basis of defendant's concessions that there are four separate reasons why <u>it cannot prove infringement in light of this Court's Markman decision of August 24, 2012</u>.

(Ex. J). *See also In re Freeman*, 30 F.3d 1459, 1466-67 (Fed. Cir. 1994) (holding constructions of specific phrases "necessary" to prior court's judgment where such constructions were reason for plaintiff's loss on infringement in prior action).

That DataTern has appealed the judgment in the Manufacturer Actions does not deprive the New York court's judgment of collateral estoppel effect. "The law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding." *Pharmacia & Upjohn Co. v. Mylan Pharms, Inc.,* 170 F.3d 1373, 1381 (Fed. Cir. 1999) (citing *SSIH Equip. S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed. Cir. 1983). Indeed, this District has expressly held that "the pendency of appeal does not affect the finality of a judgment for purposes of res judicata or collateral estoppel." *Timmons v. Special Ins. Servs.*,

984 F. Supp. 997, 1008 (E.D. Tex. 1997); *see also Wright v. Fed. Nat'l Mort. Ass'n*, No. H-12-288, 2012 WL 1990819, at *2 (S.D. Tex. Apr. 9, 2012) (citing *Deere & Co. v. Johnson*, 67 F. App'x 253, at *1 (5th Cir. 2003)).

Nor is the New York court judgment the result of a settlement, which might deprive the judgment of preclusive effect. To the contrary, the New York court, in contested proceedings, construed the claims at issue in this motion after full briefing and argument, and it was those constructions -- not an effort to buy peace -- that formed the basis for final judgment in the Manufacturer Actions. *Cf. Paltalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-cv-367, 2008 WL 4830571, at *4 (E.D. Tex. July 29, 2008). The very fact that DataTern has appealed affirmatively disproves that the New York court's judgment was the result of agreement. And it is DataTern's appeal -- not a new Markman proceeding in this Court -- that provides DataTern with a mechanism for reurging its claim constructions. Unless that appeal were to result in a reversal, the first court's rulings should stand. *See Abbott Labs. v. Dey*, 110 F. Supp. 2d 667, 672 (N.D. Ill. 2000) (noting that "the purpose behind the doctrine of issue preclusion . . . is to place the first judgment beyond question by subsequent courts").

**B.    DataTern is Judicially Estopped from Asserting Its Proposed Construction of "Object of an Object Class"**

Just as it is bound by the New York court's Markman rulings, DataTern should be bound by the claim constructions to which it expressly agreed. In particular, the Court should construe "object of an object class" to incorporate the constructions of "object" and "object class" to which DataTern previously agreed under the doctrine of judicial estoppel.

Judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or earlier proceedings." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 859 (5th Cir. 2010); *Mondis Tech. Ltd. v. Chimei Innolux Corp.*, 822 F.

Supp. 2d 639, 650 n.14 (E.D. Tex. 2012). In the Fifth Circuit, judicial estoppel is limited to situations when (1) "the position of the party to be estopped is clearly inconsistent with its previous one" and (2) "the party [had] convinced the court to accept the previous position." *RSR Corp.*, 612 F.3d at 859; *see also Mondis*, 822 F. Supp. 3d at 650 n.14.

### 1. DataTern's proposed construction conflicts with its agreed constructions in the Manufacturer Actions.

In the Manufacturer Actions, DataTern agreed that "object" means "an entity comprising attribute values (i.e., data) and methods (i.e., functionality) that can act on said attribute values" and that "object classes" are a "definition that specifies attributes and behavior of objects, and from which objects can be instantiated." (Ex. G). Defendants' proposed construction here of "object of an object class" merely combines these two agreed definitions.[7] DataTern, however, now proposes that "object of an object class" be construed to mean "an instance of a type of construct that defines attributes and methods." This is a broader and unsubstantiated definition for "object of an object class" because it fails to recognize that both the object and the object class independently have attributes and methods/behaviors. DataTern's current proposed construction recognizes only the latter, but the object itself also has attributes and methods/behaviors. Additionally "instance" and "construct," as used in DataTern's construction, are vague and do not provide the specificity previously agreed to and found in Defendants' construction. Furthermore, DataTern's proposed construction lacks recognition that an object class can instantiate an object.

---

[7] Defendants propose "object of an object class" be construed as "[a]n entity comprising attribute values (*i.e.*, data) and methods (*i.e.*, functionality) that can act on said attribute values, which is an instance of a definition that specifies attributes and behavior of objects, and from which objects can be instantiated."

### 2. The New York court accepted the agreed constructions of "object" and "object class."

The New York court's Markman order expressly incorporates into the memorandum opinion the parties' stipulated constructions. (Ex. I, 10). Judge Forrest recognized the agreements during the hearing, (Ex. H, Markman Hr'g Tr. 25:23-25), and DataTern's own counsel characterized the agreed constructions as the "classic sense of object oriented software" (Ex. H, Markman Hr'g Tr. 15:14-16). For this Court to order an entirely different construction of "object of an object class" would create the perception that DataTern misled either the New York court or this Court. *See Solomon Techs., Inc. v. Toyota Motor Corp.*, No. 8:05-cv-1702, 2010 WL 715243, at *2 (M.D. Fla. Jan. 26, 2010) (holding judicial estoppel prevented re-construction of a claim to which the parties had stipulated in a prior action before the ITC). Perhaps more importantly, it would communicate to litigants that they are free to pursue claims in multiple courts opportunistically, "deliberately changing positions based upon the exigencies of the moment." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996). That is precisely the type of gamesmanship judicial estoppel seeks to avoid.

### V. CONCLUSION

DataTern should not be permitted to avoid either its agreements in the Manufacturer Actions or the consequences of the New York court's judgment. Because DataTern already agreed to certain claim terms and fully litigated others, and the Markman order construing those claims was essential to final adverse judgment in the Manufacturer Actions, Defendants respectfully request that the Court grant summary judgment adopting the claim term constructions for the '402 patent entered in the Manufacturer Actions.

Dated: July 3, 2013                    Respectfully submitted,

**ANDREWS KURTH LLP**

By:        /s/ *Tonya M. Gray*
Tonya M. Gray
Texas Bar No. 24012726
tonyagray@andrewskurth.com
Gerald C. Conley
Texas Bar No. 04664200
geraldconley@andrewskurth.com
Mark A. Shoffner
Texas Bar No. 24037490
markshoffner@andrewskurth.com

1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

**ATTORNEYS FOR DEFENDANTS STAPLES, INC., J.C. PENNEY COMPANY, INC., J.C. PENNEY CORPORATION, INC., SEARS HOLDINGS CORPORATION, AND SEARS, ROEBUCK AND CO.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this 3rd day of July, 2013.

       /s/ *Tonya M. Gray*
Tonya M. Gray